■ CHRISTIAN W. BERENSON, Plaintiff, v JERICHO WATER DISTRICT, Defendant and Third-Party Plaintiff, et al., Defendant. SIDNEY B. BOWNE & SON, LLP, et al., Third-Party Defendants; DEVELOPMENT COMPANY, INC., et al., Third-Party Defendants-Appellants; ADM BROKERAGE CORP., Third-Party Defendant-Respondent. [808 NYS2d 234]—

In an action to recover damages for personal injuries, the second third-party defendant fourth-party defendant/fifth-party defendant Insurance Corporation of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered July 16, 2003, as granted that branch of the motion of the second third-party defendant and fourth-party defendant/fifth-party defendant ADM Brokerage Corp., which was for summary judgment dismissing the claims asserted against it, and the third-party defendant and fourth-party defendant/fifth-party plaintiff, Eva Construction and Development Company, Inc., appeals, as limited by its brief, from so much of the same order as granted those branches of the motion of the second third-party defendant and fourth-party defendant/fifth-party defendant ADM Brokerage Corp., which were for summary judgment dismissing the cross claims of Eva Construction and Development Company, Inc., against it in the fourth-party action and dismissing the fifth-party complaint insofar as asserted against it. The appeals bring up for review an order of the same court dated December 9, 2003, which, upon reargument, adhered to the original determination.

Ordered that the appeal by the Insurance Corporation of New York is dismissed, as it is not aggrieved by the order entered July 16, 2003; and it is further,

Ordered that the appeal by Eva Construction and Development Company, Inc., from the order entered July 16, 2003, is

dismissed, as that order was superseded by the order dated December 9, 2003, made upon reargument; and it is further,

Ordered that the order dated December 9, 2003, is reversed insofar as reviewed, on the law, with costs, those branches of the motion of ADM Brokerage Corp. which were for summary judgment dismissing the cross claims of Eva Construction and Development Company, Inc., against it in the fourth-party action and dismissing the fifth-party complaint against it are denied, the fifth-party complaint against ADM Brokerage Corp. is reinstated, and the order entered July 16, 2003, is modified accordingly.

On April 4, 2001, the plaintiff sustained personal injuries after falling from a scaffold at a construction site in Oyster Bay (hereinafter the premises). At that time, the plaintiff was employed as a vice-president of Eva Construction and Development Company, Inc. (hereinafter Eva). The premises were owned by the Jericho Water District (hereinafter JWD). The plaintiff then commenced this action against, among others, JWD, sounding in negligence and violation of the Labor Law (hereinafter the main action).

Subsequent to commencement of the main action, JWD commenced a third-party action against Eva and Sidney B. Bowne & Son, LLP (hereinafter Bowne). Bowne was the district engineer for JWD and its representative at the premises. JWD sought indemnification and contribution and also asserted a cause of action against Eva for its alleged failure to procure insurance for JWD in accordance with the contract between those parties. Subsequent third, fourth, and fifth-party actions were commenced involving Eva's insurance carrier, the Insurance Corporation of New York (hereinafter Inscorp.), which had disclaimed coverage of the accident for Eva and JWD based, in part, on late notice, and against Eva's insurance broker, ADM Brokerage Corp. (hereinafter ADM). The third, fourth, and fifth-party actions involve, inter alia, questions of indemnification and contribution, and whether the required insurance coverage was obtained to cover the liability of the various parties involved in construction at the premises. Following motion practice, the Supreme Court granted, inter alia, that branch of ADM's motion which was for summary judgment dismissing Eva's fifth-party action insofar as asserted against ADM. The Supreme Court adhered to that determination upon reargument. We reverse.

Eva correctly contends that the Supreme Court's dismissal of ADM from the case was premature in light of outstanding questions of fact relating to, inter alia, whether ADM acquired the

insurance coverage requested by Eva, and whether ADM should be held responsible for the alleged failure to provide timely notice to Inscorp. of the plaintiff's claim.

ADM failed to satisfy its prima facie burden of establishing its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) with respect to whether it procured all the insurance coverage it was required to obtain pursuant to its agreement with Eva. Moreover, there is an issue of fact as to whether it bore responsibility for the alleged untimely notice to Inscorp.

ADM's remaining contentions are without merit. Adams, J.P., S. Miller, Crane and Mastro, JJ., concur.